IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:19-CR-141 |
| vs. | TENTATIVE FINDINGS |
| MARK ALLEN DEPAULIS, | |
| Defendant. | |

The Court has received the presentence investigation report and addendum in this case. There are no motions for departure or variance. The defendant has objected (filing 34) to the presentence report.

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions for departure or variance, but the defendant has objected to the presentence report. Filing 34. Specifically, the defendant contends that the calculation of his criminal history category includes double-counting. Filing 34.

The defendant was convicted of felony check-forging in California in January 2005 and sentenced to some jail time and a 36-month term of probation. But he was arrested in March 2005 and convicted of another felony, unlawful use of identifying information. He was sentenced to 16 months' imprisonment. And his previous term of probation was revoked, resulting in an additional 16-month term of imprisonment for the forgery conviction. He served both 16-month sentences concurrently.

The presentence report assesses three criminal history points for each conviction. The defendant argues that's double-counting, asserting that it's improper to assess points for both convictions when the March 2005 offense was the violation that caused the January 2005 term of probation to be revoked. *See* filing 34.

But under U.S.S.G. § 4A1.2(k), a term of imprisonment imposed upon revoking probation is added to any initial term of imprisonment to compute the criminal history points—and if "at the time of revocation another sentence was imposed for a new criminal conviction, that conviction would be computed separately from the sentence imposed for the revocation." § 4A1.2 cmt. n.11; *see United States v. Harvey*, 617 F. App'x 592, 594 (8th Cir. 2015). And the defendant's sentences, despite being served concurrently, weren't related because there was an intervening arrest. § 4A1.2(a)(2); *see United States v. Newsome*, 409 F.3d 996, 999 (8th Cir. 2005).

Accordingly, the Court's tentative finding is that the presentence report correctly counts both of the defendant's 2005 convictions, and that his objection (filing 34) lacks merit.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 18th day of October, 2019.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Chief United States District Judge